Mr. C. L. Terrell, Secretary The State Board of Agriculture Fort Collins, Colorado 80521
Dear Mr. Terrell:
In response to your request for an opinion, I submit the following:
The State Board of Agriculture is established by statute as a corporate body, capable in law of taking and holding real and personal property, of suing and being sued, and doing all things necessary to the successful operation of Colorado State University and Fort Lewis College.
As the State's land grant institution, Colorado State University has need for substantial acres of land on which to conduct its varied programs and through the years the Board has acquired title to most of the lands involved in the University's operation. In that connection, the lands involved were obtained through gifts to the Board, some prior to 1876, and through purchase. These purchases were, with few exceptions, completed without the use of State appropriated funds.
Until recent years, the Board was permitted to exercise its statutory authority in connection with land, including the purchase and sale as well as the granting of easements and rights-of-way. Through the years the Board has approved the granting of easements and rights-of-way principally for the installation of utilities which have been installed at the request of and for the benefit of Colorado State University, its Branch Experiment Stations, and Fort Lewis College.
The circumstances associated with the granting of such easements have been extremely varied and in each transaction the approved easement or rights-of-way has had its own individual peculiarities. As a result, the documents involved in the granting of the easements and rights-of-way have been prepared individually to fit the circumstances associated with the project involved.
Recently the Board of Agriculture has been instructed by the Division of Public Works that it is necessary for the Board to comply with "Rules, Regulations and Policies for Granting of Easements, Rights-of-Way, Leases and Permits" issued and administered by the Colorado Division of Public Works.
Under the terms of the instructions contained in this document, the Board is directed to use an easement form prepared by the Division of Public Works; is required to assess charges according to the Division's Schedule, and is required to submit an application to the Division of Public Works from the municipality or utility company to whom easements or rights-of-way are to be granted, accompanied by seven copies of a detailed land survey plan, including the legal description of the rights-of-way easement, signed by a registered land surveyor and bearing his seal.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does the Colorado Division of Public Works have legal authority to veto actions taken by the State Board of Agriculture in connection with the granting of rights-of-way, easements, leases or permits on lands under the control and jurisdiction of the Board?
My conclusion is "no."
2. Is the State Board of Agriculture required to use the easement form prepared by the Division of Public Works in the granting of easements or rights-of-way?
My conclusion is "no."
3. Does the State Board of Agriculture have authority, under existing constitutional and statutory provisions, to grant easements, rights-of-way, leases and permits, and to determine the assessments, if any, to be charged?
My conclusion is "yes."
ANALYSIS
Article VIII, Section 5, of the Constitution of Colorado provided in subsection (2) as follows:
 (2) The governing boards of the state institutions of higher education, whether established by this constitution or by law, shall have the general supervision of their respective institutions and the exclusive control and direction of all funds of and appropriations to their respective institutions, unless otherwise provided by law.
A.G. Op. #73-0014 of April 2, 1973 discussed the question: "Does (the above) constitutional provision affect the role or status of thestatutorily created governing boards and institutions of higher education as heretofore provided by law?" (Original emphasis.) The opinion concludes as follows:
 (1) Yes, in the sense that any prior or subsequent general laws have thereby become inapplicable to the statutory governing boards of higher education, to the extent that such laws conflict with the general constitutional grant of supervision and control.
 (2) No, as to particular and special prior, or subsequent legislation which is expressly applicable to the governing boards of higher education, such as Article 22, of Chapter 124, C.R.S. 1963, (now Article 1 of Title 23, C.R.S. 1973), creating the Commission on Higher Education and specifying its duties and powers. Such laws remain in effect and the governing boards of higher education are subject thereto. (Original emphasis.)
The pertinent part of section 24-82-201, C.R.S. 1973 provides:
 All state institutions, departments, and other state agencies have the power and authority to give and grant easements or rights-of-way. . . .
And section 24-82-202, C.R.S. 1973 provides:
 Any easement or right-of-way given or granted under this Part 2 shall be only upon approval of the chief executive officer and the commission or board, if any, of the institution, department, or agency across the premises of which such easement or right-of-way shall cross, the state purchasing agent, the director of public works, the governor, and the attorney general as to the legal form of the easement or right-of-way.
Also relevant is section 24-30-505, C.R.S. 1973 which provides in pertinent part that:
 "(1) The powers and duties of the division (of Public Works) shall be to . . . (g) Obtain and maintain a correct and current inventory of all real property, with improvements thereon, owned by or held in trust for the state of Colorado, or any state department, agency, or institution and, in cooperation with the attorney general, correct any defects in title to said real property necessary to vest marketable title in the state."
The statutes, therefore, vest in the Division of Public Works staff and coordinative responsibilities relative to the state's real estate. It is noted that the form for a right-of-way agreement and the attendant rules go beyond matters of form and relate to substantive matters, i.e., the amount of consideration and the term. In my judgment section 24-82-201, C.R.S. 1973, et seq. are general provisions, and, therefore, are "inapplicable to all governing boards of higher education, at least to the extent that such general laws conflict with the general constitutional grant of supervision and control." A.G. Op. #73-0014, at page 5.
We assume that the governing boards will utilize the staff services of the Division in connection with right-of-way matters and cooperate with the Division in meeting its coordinative responsibilities, i.e., section 24-30-505, C.R.S. 1973. However, as to the matter of substance, i.e., term, consideration, necessity, the determination of the governing board controls.
SUMMARY
The State Board of Agriculture has authority, under existing constitutional and statutory provisions, to grant easements, rights-of-way, leases and permits, and to determine the assessments, if any, to be charged. (N.B. C.R.S. 1973, 24-30-505, one of the statutes interpreted in this opinion, was repealed in 1975 by S.B. 163.)

 Very truly yours,
 JOHN P. MOORE
 Attorney General
REAL ESTATE
PROPERTY, REAL
PROPERTY, PERSONAL
LAND USE
EDUCATION, HIGHER

C.R.S. 1973, 24-82-201 C.R.S. 1973, 24-82-202 C.R.S. 1973, 24-30-505
Colo. Const. art. VIII, § 5
HIGHER EDUCATION, DEPT. OF Agriculture, St. Bd. of ADMINISTRATION, DEPT. OF
The State Board of Agriculture has authority, under existing constitutional and statutory provisions, to grant easements, rights-of-way, leases, and permits, and to determine the assessments, if any, to be charged. (N.B. C.R.S. 1973, 24-30-505, one of the statutes interpreted in this opinion, was repealed in 1975 by S.B. 163).